UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Brandon Wade Photography, LLC,

            Plaintiff,

            v.

North Station Media LLC d/b/a CLNS
Media,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Brandon Wade Photography, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant North Station Media LLC d/b/a CLNS Media ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a professional photography company that owns, licenses, markets, distributes, and commercially exploits original photographic works created by professional photographer Brandon Wade ("*Wade*").

3. Wade is a professional photographer who has worked continuously in the photography industry for more than two decades and has developed a substantial portfolio of original photographic works depicting athletes, entertainers, celebrities, public figures, sporting events, commercial subjects, newsworthy occurrences, and matters of public interest.

4. Throughout his career, Wade has photographed a wide range of subjects, including professional and collegiate sporting events, nationally recognized public figures, entertainers, business leaders, and political figures, including Presidents of the United States. His work has been used in connection with editorial reporting, commercial publications, advertising campaigns,

1

marketing initiatives, sports journalism, corporate communications, and other media-related purposes.

5. Wade's photographs have been widely published, distributed, and licensed by newspapers, magazines, media organizations, wire services, broadcasters, commercial enterprises, advertising agencies, public-relations firms, and other third parties throughout the United States and internationally.

6. Plaintiff owns, controls, licenses, and commercially exploits copyrighted photographic works created by Wade and maintains a valuable portfolio of original photographs that generate revenue through authorized licensing and lawful commercial use.

7. Through the creation and licensing of original visual content, Plaintiff has established a reputation for producing high-quality professional photography and derives substantial income from the authorized licensing, publication, and distribution of its copyrighted works.

8. Plaintiff has devoted substantial time, skill, creativity, training, experience, and financial resources to creating, maintaining, protecting, and expanding its portfolio of original photographic works.

9. Plaintiff's photographs are valuable intellectual-property assets that are regularly licensed for editorial, commercial, advertising, marketing, promotional, corporate, and media purposes. Plaintiff relies upon licensing revenue generated from the lawful use of its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, display, publication, and exploitation.

10. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing revenue, diminishes the value of its copyrighted works, interferes with existing and prospective licensing opportunities, and undermines the market for authorized uses of Plaintiff's photography.

11. Wade created a photograph of professional National Football League player Bijan Robinson (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

12.     Defendant is a digital media, broadcasting, podcasting, advertising, and content-distribution company that produces, publishes, markets, distributes, and monetizes audio, video, written, and multimedia content. Defendant operates a network of podcasts, digital programming, sports-media content, and advertising-supported media properties covering professional and collegiate sports, current events, entertainment, and related topics.

13.     Upon information and belief, Defendant's business is centered upon the creation, acquisition, publication, distribution, promotion, marketing, and monetization of original and third-party content, including photographs, images, articles, videos, podcasts, graphics, and other media content. Defendant utilizes such content to attract viewers, listeners, readers, advertisers, sponsors, and business partners and to generate revenue and commercial opportunities.

14.     Upon information and belief, Defendant exercises editorial, managerial, operational, and commercial control over the content published and distributed in connection with its media operations and derives commercial value from the traffic, visibility, user engagement, sponsorship opportunities, advertising revenue, promotional exposure, audience growth, and brand recognition generated through such activities.

15.     Upon information and belief, Defendant utilizes employees, agents, contractors, editors, producers, writers, hosts, content creators, moderators, social-media managers, advertisers, and other representatives to create, select, edit, publish, promote, distribute, monitor, manage, and otherwise exploit content in connection with Defendant's media business. Defendant maintains the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate such content and the individuals responsible for its publication and distribution.

16.     Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

17.     Plaintiff is a Texas Limited Liability Company and maintains its principal place of business in Tarrant County, Texas.

18.    Defendant North Station Media LLC d/b/a CLNS Media is a Massachusetts limited liability company with a principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

20.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Massachusetts.

21.    This Court has personal jurisdiction over North Station Media LLC d/b/a CLNS Media under the applicable long-arm jurisdictional statute of Massachusetts because North Station Media LLC d/b/a CLNS Media purposely directs substantial activities at the residents of Massachusetts.

22.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

A.    **Plaintiff's Copyright Ownership**

23.    Plaintiff is a professional photography company and is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

24.    Plaintiff has devoted substantial time, skill, effort, and expense to developing its photography business and creating a portfolio of original photographs.

25.    Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

26.    Wade is the author of numerous original photographic works protected under the Copyright Act, and Plaintiff owns and licenses such works, including the Photograph that is the

subject of this action.

27.    Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

28.    Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

29.    Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

30.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

31.    Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

32.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

33.    On October 9, 2021, Wade first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

34.    In creating the Photograph, Wade personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

35.    On January 4, 2022, the Photograph was registered by the USCO under Registration No. VA 2-284-645.

36.    Wade created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

37.    Plaintiff acquired the rights in and to the Photograph by way of a valid written

5

transfer agreement/written assignment.

**B.    Defendant's Infringing Activity**

38.    Upon information and belief, Defendant owns, operates, manages, maintains, controls, publishes, distributes and monetizes content appearing on and through the Website.

39.    The Website is a part of and used to advance Defendant's commercial enterprise.

40.    The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

41.    The Website is monetized in that it sells merchandise to the public and, on information and belief, Defendant profits from these activities.

42.    Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

43.    Upon information and belief, Defendant is a sophisticated media company operating in an industry in which the use of professional photography and copyrighted content is prevalent.

44.    Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

45.    Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

46.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

6

47.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

48.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

49.     On or about April 23, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line article at URL https://www.clnsmedia.com/are-the-patriots-eyeing-bijan-robinson-at-pick-14/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

50.     The Photograph was willfully and volitionally reproduced and stored by Defendant at     URL:     https://cdn-diadb.nitrocdn.com/nPIcbTbhxvhTOJEJkCOucjeFFWjUlNJw/assets/images/source/rev-9fea6a3/www.clnsmedia.com/wp-content/uploads/2023/04/PMNWZYQH7RHAHK6ZGOV4XA4CIM-1024x683.jpg.

51.     The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

52.     Plaintiff first observed the Infringement on October 23, 2023.

53.     Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

54.     The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

55.     Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

56.     Defendant exercised control over the content published on its Website and was

responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

57. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf, including but not limited to Mike Kadlick, whom Defendant publicly identifies as a writer, reporter, podcast host, and content contributor through its Website (collectively, the "*Representatives*").

58. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

59. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

60. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

61. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

62. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

63.     Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

64.     Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

65.     Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c) but instead was affirmatively selected and published by Defendant and/or its Representatives.

66.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

67.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

68.     Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

69.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

70.     Upon information and belief, Defendant monitors the content on its Website.

71.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

72.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

9

73.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

74.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

75.     Defendant's use of the Photograph harmed the actual market for the Photograph.

76.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

77.     Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license its work to other commercial entities.

78.     On or about December 4, 2023, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

79.     Thereafter, on or about June 17, 2024, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

80.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

81.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

82.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

83.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

10

84.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

85.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

86.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

87.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

88.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

89.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

90.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

91.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

11

**JURY DEMAND**

92.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: July 9, 2026

                                    **SANDERS LAW GROUP**

                                    By:    */s/ Craig Sanders*
                                    Craig Sanders, Esq.
                                    333 Earle Ovington Blvd, Suite 402
                                    Uniondale, NY 11553
                                    Tel: (516) 203-7600
                                    Email: csanders@sanderslaw.group
                                    File No.: 128989

                                    *Attorneys for Plaintiff*